UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGRI EXOTIC TRADING, INC.,<br><br>                Plaintiff,<br><br>    - against -<br><br>HU HOLDINGS, LLC t/a HU KITCHEN,<br>JORDAN P. BROWN and JESSICA L. BROWN,<br><br>                Defendants. | Case No. 20-cv-5699<br><br>**COMPLAINT** |

Plaintiff Agri Exotic Trading, Inc. ("Plaintiff"), by and through undersigned counsel, as and for its complaint against defendants Hu Holdings, LLC t/a Hu Kitchen ("Hu Holdings"), Jordan P. Brown ("Jordan Brown") and Jessica L. Brown ("Jessica Brown") (Hu Holdings, Jordan Brown and Jessica Brown collectively, "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA") and 28 U.S.C. § 1331.

2. Venue in this district is based on 28 U.S.C. § 1391 in that the Defendants reside in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

**PARTIES**

3. Plaintiff Agri Exotic Trading, Inc. is a New York Jersey corporation having a principal place of business in Clifton, New Jersey, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4. Defendant Hu Holdings is a New York limited liability company having its principal place of business in New York, New York, engaged in the business of buying wholesale quantities of produce in interstate commerce, and was at all relevant times subject to licensure under the provisions of PACA as a dealer.

5. Defendant Jordan Brown is and was an officer, director, member and/or equity holder of Hu Holdings during the period of time in question who controlled the operations of Hu Holdings and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiff.

6. Defendant Jessica Brown is and was an officer, director, member and/or equity holder of Hu Holdings during the period of time in question who controlled the operations of Hu Holdings and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

7. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

8. Between January 27, 2020 and March 14, 2020, Plaintiff sold and delivered to Defendants wholesale quantities of produce that had been shipped in interstate commerce or contemplation thereof having a value of $45,006.87.

9. Defendants have failed to pay for the goods when payment was due, despite repeated demands, and presently owe Plaintiff the principal amount of $45,006.87.

10. At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-

related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Defendants since the creation of the trust.

11. Plaintiff preserved its interest in the PACA trust by issuing invoices to Defendants for each transaction which contain the statutory language required by 7 U.S.C. § 499e(c)(4). Plaintiff remains a beneficiary of the PACA trust until full payment is made for the produce.

12. Defendants' failure, refusal, and inability to pay Plaintiff demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Injunctive Relief)

13. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 12 above as if fully set forth herein.

14. Defendants' failure to make payment to Plaintiff of trust funds in the amount of $45,006.87 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

15. Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Make Prompt Payment of Trust Funds)

16. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17. Defendants received each of the produce shipments on which this action is based.

18. Defendants are required to promptly tender to Plaintiff full payment for those shipments pursuant to PACA.

19. Defendants failed and refused to pay for the produce supplied by Plaintiff within the payment terms agreed to between the Parties.

20. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $45,006.87, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT JORDAN BROWN
(Unlawful Dissipation of Trust Assets by a Corporate Official)

21. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. Defendant Jordan Brown is an officer, director, member and/or equity holder who operated Hu Holdings during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

23. Defendant Jordan Brown failed to direct Hu Holdings to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

24. Defendant Jordan Brown knew or should have known that at all relevant times Hu Holdings was in breach of the PACA trust.

25. Defendant Jordan Brown's failure to direct Hu Holdings to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

26. Defendant Jordan Brown participated in Hu Holdings' breach of the PACA trust.

- 5 -

27. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT JESSICA BROWN
(Unlawful Dissipation of Trust Assets by a Corporate Official)

28. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 27 above as if fully set forth herein.

29. Defendant Jessica Brown is an officer, director, member and/or equity holder who operated Hu Holdings during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

30. Defendant Jessica Brown failed to direct Hu Holdings to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

31. Defendant Jessica Brown knew or should have known that at all relevant times Hu Holdings was in breach of the PACA trust.

32. Defendant Jessica Brown's failure to direct Hu Holdings to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

33. Defendant Jessica Brown participated in Hu Holdings' breach of the PACA trust.

34. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

//

//

## **AS AND FOR A FIFTH CAUSE OF ACTION AGAINST HU HOLDINGS**
(Failure to Pay For Goods Sold)

35. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 34 above as if fully set forth herein.

36. Hu Holdings failed and refused to pay Plaintiff the amount of $45,006.87 owed to Plaintiff for goods received by Defendants from Plaintiff.

37. As a direct and proximate result of the failure of Hu Holdings to pay promptly, Plaintiff has incurred damages in the amount of $45,006.87, plus interest, costs and attorneys' fees.

## **AS AND FOR A SIXTH CAUSE OF ACTION AGAINST HU HOLDINGS**
(Breach of Contract)

38. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 37 above as if fully set forth herein.

39. Hu Holdings received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

40. Plaintiff's invoices to Hu Holdings constitute valid and enforceable agreements between the Parties.

41. Hu Holdings breached the terms of the invoices by failing to timely remit payment for the goods it received from Plaintiff.

42. Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

43. As a direct and proximate result of the breach of contract by Hu Holdings Plaintiff has suffered damages in the amount of $45,006.87, plus interest from the date each invoice became past due, costs and attorneys' fees.

//

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

44. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 43 above as if fully set forth herein.

45. PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

46. As a result of Defendants' continued failure to make full payment promptly in the amount of $45,006.87, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests the following relief:

A. On the first cause of action, preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties;

B. On the second cause of action, judgment against all Defendants, jointly and severally, in the amount of $45,006.87 under the trust provisions of PACA;

C. On the third cause of action, judgment against Jordan Brown in the amount of $45,006.87 under the trust provisions of PACA;

D. On the fourth cause of action, judgment against Jessica Brown in the amount of $45,006.87 under the trust provisions of PACA

E. On the fifth cause of action, judgment against Hu Holdings in the amount of $45,006.87;

F. On the sixth cause of action, judgment against Hu Holdings in the amount of $45,006.87;

G. On the seventh cause of action, judgment against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

H. Such other and further relief as the Court deems just and proper.

Dated: July 23, 2020

Respectfully submitted,

McCARRON & DIESS
Attorneys for Plaintiff

By: /s/ Gregory Brown
Gregory Brown
576 Broadhollow Road, Suite 105
Melville, New York 11747
Phone:	(631) 425-8110
Fax:	(631) 425-8112
gbrown@mccarronlaw.com